IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60675-CIV-MARRA

FRESHPOINT SOUTH FLORIDA, INC.,

    Plaintiff,

vs.

HARBOUR LOBSTER AND FISH CO., LTD.
d/b/a BUTLER'S SPECIALTY FOOD
and BUTLER'S FOOD WORLD, and
JEFFREY B. BUTLER, SR., individually.

    Defendants.
_____/

## TEMPORARY RESTRAINING ORDER

This matter is before the Court upon Plaintiff's Motion for Temporary Restraining Order Without Notice. (DE 4). The Court has carefully considered the motion and the record herein and is otherwise fully advised in the premises.

After careful consideration of the record, the Court makes the following findings of fact and conclusions of law. Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the Declaration of Plaintiff's representative that Plaintiff is a produce creditor of Defendants under Section 5(c) of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e(c), and has not been paid for produce in the amount of $100,132.08 supplied to Defendants

as required by the PACA.  It also appears that Defendants are in financial jeopardy and have or are dissipating PACA trust assets in that Defendants have put a stop-payment order on their most-recent check to Plaintiff, have failed and refused to pay any further sums to Plaintiff despite repeated demands, and have become unresponsive to Plaintiff's demands for payment.  *See In re Kornblum & Co., Inc.*, 81 F.3d 280 (2d Cir. 1996); *Sanzone-Palmisano Co. v. M. Seaman Enterprises, Inc.*, 986 F.2d 1010 (6th Cir. 1993).  As a result, it appears that the PACA trust assets are threatened with dissipation.  *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154 (11th Cir. 1990); *Taminura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132 (3d Cir. 2000).

If notice is given to Defendants of the pendency of this motion, trust assets may be further dissipated before the motion is heard.  Once dissipation has occurred, recovery of trust assets is all but impossible.  H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); *Taminura*, 222 F.3d 132.  Entry of this Order without notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust.  7 U.S.C. § 499e(c)(4).  The issuance of this Temporary Restraining Order is necessary to maintain the status quo.

In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Additionally, there is little harm to Defendants in granting an injunction, which only requires Defendants to do that which they are required to do under the statute, i.e., maintain the trust required by statute and pay for the undisputed portion of produce.

Lastly, the public interest is furthered by the granting of a temporary restraining order.  The statute itself states that the trust law was established to benefit the public interest that had suffered due to nonpayment for produce.

Based on the foregoing, the Court finds taht Plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Temproary Restraining Order Without Notice (DE 4) is **GRANTED**.

It is **ORDERED** that Defendants, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, shall not alienate, dissipate, pay over or assign any assets of Harbour Lobster and Fish Co., Ltd. d/b/a Butler's Specialty Food and Butler's Food World, or its subsidiaries or related companies, except for payment to Plaintiff until further order of this Court or until Defendants pay Plaintiff the sum of $100,132.08 by cashier's check or certified check at which time the Order is dissolved.

A hearing on the Motion for Preliminary Injunction (DE 5) shall be held **Thursday, April 7, 2011 at 9:00 A.M.** before United States District Judge Kenneth A. Marra, 701 Clematis Street, Courtroom 4, West Palm Beach, Florida**.**

Enforcement of this order is contingent upon Plaintiff posting a bond in the amount of $5,000.00.

Plaintiff is ordered to serve Defendants immediately with a copy of this order and all documents filed in this case in support of the relief sought.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of March, 2011.

                                                  KENNETH A. MARRA
                                                  United States District Judge